THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Chapter 13 |
| | : | |
| Douglas Edward Tranter, Jr., | : | Case No. 20-11543 (AMC) |
| | : | |
| Debtor. | : | |
| | : | |
| | : | |

### STIPULATION RESOLVING MOTION TO ALLOW LATE FILED CLAIM

WHEREAS, on March 11, 2020, the above-captioned Debtor filed a voluntary petition for relief pursuant to Chapter 13, Title 11, United States Code, 11 U.S.C. § 101, et seq.;

WHEREAS, prior to the Petition Date, Debtor has an unsecured signature loan with Police and Fire Federal Credit Union ("PFFCU") in the amount of $12,004.76 (the "Loan");

WHEREAS, the Bar Date for creditors to file proofs of claim in the Debtor's case was set for May 20, 2020;

WHEREAS, on March 11, 2020, the Debtor filed his bankruptcy schedules, D.I. 1 (the "Schedules"). Debtor's Schedules did not include PFFCU. The Schedules also included Debtor's Creditor Matrix, which did not include PFFCU;

WHEREAS, also on March 11, 2020, the Debtor filed his Chapter 13 plan, D.I. 5 (the "Plan"). The Plan provided for payment of the unsecured creditors' claims via the Plan pro rate, but did not specifically list the names of the unsecured creditors;

WHEREAS, on May 22, 2020, the Debtor filed his amended Chapter 13 plan, D.I. 5 (the "Plan"). The Plan provided for payment of the unsecured creditors' claims via the Plan, pro rata, but did not specifically list the names of the unsecured creditors.

WHEREAS, on September 8, 2020, the Court entered an order confirming the Plan, D.I. 34.

122159508_1

WHEREAS, notice of the bankruptcy case was not sent to the attention of any officer, manager or other representative of PFFCU.  PFFCU never received any Notice in the Debtor's bankruptcy case.

WHEREAS, PFFCU only recently found out that the Debtor had filed a voluntary petition for relief, when PFFCU was informed by NCB Management Services, a collection agency.

WHEREAS, immediately upon learning of the Debtor's bankruptcy filing, PFFCU filed a proof of claim on the docket, in the amount of  $12,004.76, Claim No. 14 (the "Late-Filed Claim");

WHEREAS, on February 18, 2021, PFFCU filed a motion to allow the Late-Filed Claim, Dkt. No. 36;

WHEREAS, the Debtor and PFFCU agree to resolve the Motion as set forth herein.

NOW THEREFORE, each in consideration of the promises of the other and intending to be legally bound, subject to the approval of the Bankruptcy Court, it is hereby agreed as follows:

1.      The Debtor and PFFCU agree that PFFCU's Late-Filed Claim is allowed.

2.      Each of the signatories to this Stipulation acknowledges and represents that their respective clients have reviewed this Stipulation and have authorized the execution of same by their undersigned counsel.

3.      This Stipulation may be executed by facsimile and/or e-mail and such facsimile and/or e-mail signatures shall be deemed originals.

4.      The signature pages of this Stipulation may be executed in counterparts, and such signature pages, when attached, shall constitute the entire document.

CONSENTED TO BY:                   DILWORTH PAXSON LLP

DATED: March 8, 2021

*/s/ Anne M. Aaronson*
Anne M. Aaronson, Esquire
*Attorney for PFFCU*

CONSENTED TO BY:

Seth P Maltzman Esquire, Esq.

DATED: March 8, 2021

/s/

Seth P Maltzman Esquire, Esq.
*Attorney for Debtor*

CONSENTED TO BY:

William C. Miller, Esq.

DATED: March 17, 2021

/s/ Jack K. Miller

Jack K. Miller, Staff Attorney for William C. Miller,
*Chapter 13 Trustee*

SO ORDERED:

ENTERED ON:  March__, 2021

**Date: March 24, 2021**

The Honorable Ashely M. Chan
United States Bankruptcy Judge

122159508_1